**DEFIANCE OILS, Inc., v. HARDZOG.**

No. 26568.    Sept. 8, 1936.

Rehearing Denied Oct. 20, 1936.

Darnell, Gibson & Loving, for plaintiff in error.

O. A. Cargill and W. R. Graalman, for defendant in error.

BAYLESS, J. Ruth Hardzog sued Defiance Oils, Inc., a corporation, and others for damages for personal injuries, and from a jury verdict in her favor for $6,000, Defiance Oils, Inc., appeals.

The following is a summary of the facts: U. S. Highway No. 277 runs in a westerly direction for several miles from Elgin, Okla.; about four miles west of Elgin this highway crosses Cache creek by means of a bridge something like 250 feet long. The highway gradually slopes downward for nearly a mile toward the east end of the bridge. About 50 or 60 feet west of the bridge a road comes from Hardzog's home, and intersects the highway on the north side. The mean level of the highway is about four feet higher than this road at this point of intersection. Timber on both banks of Cache creek obscures the view of either road for travelers on the other road. On the day of the accident, at about 11 a. m., plaintiff drove a Pontiac sedan onto Highway No. 277 from this road. She testified, and no one contradicted her, that she drove her auto until the front wheels were about on the north shoulder of 277 (this shoulder was 3 or 4 feet wide), where she paused and looked east and west for oncoming traffic, and, seeing none, she put her auto in motion and drove on to 277, making an immediate turn to the right or west. As soon as she got her auto onto 277 she saw a truck approaching from the east, entering onto the east end of the bridge, or a distance of about 300 feet. She continued the movement of her car and had headed it directly west, well on the north side of the highway, when the truck struck the rear end of her auto. The driver of the truck was killed. The truck was a Ford V-8, with semi-trailer tank, and was loaded with 2,100 gallons of gasoline. There were no eyewitnesses, except Mrs. Hardzog and the driver of the truck, now deceased. Several witnesses had observed the truck as it traveled west, and all agreed it was traveling at a high rate of speed, and overtook and passed passenger autos traveling at from 35

to 45 miles per hour. Various estimates of its rate of speed ranged from 50 to 60 or 70 miles per hour. Photographs of the Pontiac indicate that the impact was terrific.

No issue is raised here as to the extent of plaintiff's injuries or the amount of damages awarded. Defendant makes five assignments, which we will discuss separately.

First. Defendant contends that the verdict is not supported by the evidence and is contrary thereto. Defendant says in its brief:

"We are not mindful of the oft-announced rule of this court that the verdict of the jury will not be disturbed where there is any evidence reasonably tending to support it, but we contend that the evidence shows conclusively that the verdict should have been for the defendant."

This contention is not well taken. The evidence is not conclusive either way, and issues were supported by evidence of such a nature that a clear jury question was presented. A verdict of the jury either way was justified.

The second assignment relates to the exclusion of certain photographs from evidence which purported to show the location of the cars at the time of accident and purported to show defendant's theory of defense. The defendant admits that other photographs admitted in evidence virtually serve the purpose of defendant's proffered exhibits. We are of the opinion that no prejudice resulted from the exclusion of said photographs.

The third assignment questions the correctness of certain instructions given to the jury. These related to the rules of the road, whether the road intersecting Highway 277 was a public or private road, and the duties and obligations resting upon the drivers of the respective vehicles.

Instruction No. 14 told the jury that at intersections of roads vehicles approaching from the right have the right of way. A public road was then defined, and the jury was authorized to determine whether this road intersecting 277 was a public or private road. Defendant contends the records conclusively show it to be a private road, and as such the rights of a driver thereon are wholly subservient to the traffic on Highway No. 277. The defendant made the character of this road an issue by alleging it was a private, unmarked road. Defendant's attorneys referred to it as a private road in framing their questions both in cross-examining plaintiff's witnesses and direct examination of its witnesses. No objection was made to this, but we are unable to find where any witness was called upon to say whether the road was public or private. Photographs and a map of it were introduced. Under these circumstances we believe it was proper to leave the question, if it can be called one, to the jury. Even if defendant's contention that it is a private, unmarked road be conceded, nevertheless, it is clear from plaintiff's evidence that she stopped and observed before entering Highway No. 277.

Defendant complains that the jury was further instructed that the rights, duties, and obligations at this intersection were mutual and reciprocal. To an extent this instruction conflicts with No. 14.

However, we are of the opinion from an examination of the entire evidence that the instructions could not have misled the jury on these matters. The attorneys for both sides were so careful in getting a picture of the incident, and its surroundings, before the court and jury that the jury was so well advised that no harm could come from these conflicting instructions. The jury was justified in finding that plaintiff exercised ample care before entering 277, regardless of the different character of the roads or mutual or differing duties and obligations.

Assignments 4 and 5 contain complaints of the court's failure to instruct correctly on the law and its refusal to give certain requested instructions. What we have already said disposes of these contentions. The trial court had the correct rules of law in mind, and while his instructions conflicted in parts, the jury was instructed in general upon the applicable law, and defendant's proffered instructions would not have aided materially in resolving these conflicts.

The judgment is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS and GIBSON, JJ., concur.